UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 05-130 |
| CHERLYN ARMSTRONG SCHERER PREJEAN, ET AL | * | SECTION "L" |

### ORDER & REASONS

Before the Court are the Defendants' Joint Motion for Reconsideration of the Court's

Ruling on Their Motion for Release and Exemption of Assets from Forfeiture to Pay Attorneys'

Fees, Defense Costs and Living Expenses,[1] and Defendant Cherlyn Armstrong Prejean's ("Ms.

Prejean's") Motion to Modify Bail Conditions. The government has opposed both motions and

has filed its own Motion for Reconsideration regarding the forfeiture issue. All motions came for

hearing before the Court on October 6, 2005. For the following reasons, the Defendants' and

government's motions for reconsideration are hereby DENIED. Ms. Prejean's Motion to Modify

Bail Conditions is hereby GRANTED IN PART.

## I. Factual and Procedural Background

This case arises from an alleged conspiracy involving Cherlyn Armstrong Scherer

Prejean, the owner of three pain management clinics and two pharmacies in the New Orleans

area. Made defendants are Ms. Prejean, the various clinics and pharmacies, and three physicians

who were employed at the clinics. The government alleges that the Defendants conspired to

distribute and dispense prescription pain medication without medical necessity and outside the

---

[1]        This motion is only brought by Ms. Prejean and the corporate Defendants. Drs.
DeLoach, Guenther, and Cullins have not joined in the motion.

scope of professional practice, all in violation of Title 21, United States Code, Section 846.  All Defendants have been arraigned, have pled not guilty, and have been released on bond.

On April 12, 2005, pursuant to warrants issued by the DEA, the government seized the Defendants' bank accounts, vehicles, cash, and other assets, and placed notices of lis pendens on eleven parcels of Defendants' property.  In June 2005, Defendants asked the Court to release all or a portion of the seized funds, and alleged that they have no assets other than those seized with which to pay the counsel of their choice and their necessary living expenses.  On July 8, 2005, this Court ruled that due process required an evidentiary hearing to determine whether some or all of the Defendants' assets were seized without probable cause.

On August 4, 2005, the Court ordered that $300,000 should be released to Defendants for payment of attorneys' fees.  No amount was released for payment of living expenses.  The government released these funds to defense counsel to be held in trust for Defendants, pursuant to the Court's Order of August 16, 2005.  On August 17, 2005, Magistrate Judge Louis Moore removed the home incarceration and electronic monitoring conditions of Ms. Prejean's bond in order for Ms. Prejean to work outside of her home.

On August 19, 2005, Defendants filed the instant Joint Motion for Reconsideration.  The motion was originally set for hearing on September 14, 2005.  Because of Hurricane Katrina, that hearing date was continued to October 6, 2005.  The government opposes the motion, and alternatively has filed its own Motion for Reconsideration.  On September 14, 2005, Defendant Cherlyn Armstrong Prejean filed the instant Motion to Modify Bail Conditions.  The government also opposes this motion.

2

**II. Defendants' Joint Motion for Reconsideration of the Court's Ruling on Their Motion for Release and Exemption of Assets from Forfeiture to Pay Attorneys' Fees, Defense Costs, and Living Expenses**

Defendants urge the Court to reconsider its August 4 ruling for three reasons: 1) Defendants are unable to pay basic living expenses, and the Court's finding that the Defendants may rent their properties is problematic, 2) under the relevant case law, the Court should periodically reevaluate the amount released based upon the Defendants' showing of need, and 3) the Court should release additional funds to cover expenses already incurred by the defense in bringing the forfeiture motions.

The government argues that the Court correctly concluded that no amounts should be released for Defendants' living expenses. Also, the government argues that reconsideration be denied because the Court made a fully informed decision, knowing the Defendants' anticipated expenses and attorneys' fees. In addition, the government urges that the Court erred in finding that any assets should be released from forfeiture. The government asks the Court to reconsider its August 4 ruling and find that all of the assets seized were forfeitable.

    a.    **Law and Discussion**

The Court finds no reason to reevaluate its factual decisions regarding probable cause based upon the evidence presented at the July 18, 2005 hearing. From that evidence, the Court determined that the government had established probable cause to believe that the assets seized from the Defendants were traceable to illegal drug transactions, with the exception of assets traceable to the prescriptions written by Dr. David Rosenfeld. Because the government had established probable cause as to the majority of the assets seized, pre-trial forfeiture of those

assets was appropriate under the standards articulated in *U.S. v. Jones,* 160 F.3d 641 (10th Cir. 1998), and *U.S. v. Melrose East Subdivision,* 357 F.3d 493 (5th Cir. 2004).

The main issue in contention in the present motions is the Court's method of releasing assets from forfeiture in its Order of August 4, 2005. Defendants argue that the district court is required to base this release of assets upon a defendant's showing of need. They cite to *U.S. v. Moya-Gomez,* 860 F.2d 706 (7th Cir. 1988), as supporting this proposition.

The relevant case law does not support the Defendants' argument. Defendants' financial need was relevant in determining whether to hold a pre-trial, post-forfeiture hearing. *Jones,* 160 F.3d at 647. It was relevant because it demonstrated the importance of the private interest in due process in this case. *Id. See also Matthews v. Eldridge,* 424 U.S. 319, 335 (1976) (stating that, in due process cases, courts must inquire into the private interests affected by the government action). The July 18th pre-trial hearing was held because the Court believed it was necessary to satisfy the Defendants' due process rights.

However, the subject of the July 18th hearing, and the criteria for the Court's decision on August 4, was whether the government had established probable cause to believe that all of the assets seized were traceable to illegal drug transactions. *Jones,* 160 F.3d at 647-48. That issue -- whether all of the seized assets had likely been tainted or untainted by criminal activity – was the basis for the Court's decision to release $300,000. The Court concluded that the government failed to establish that all of the assets were tainted. Based on the evidence and testimony of Dr. David Rosenfeld, the Court determined that the $300,000 was a fair estimate of the amount of untainted assets that were seized by the government. This determination was not grounded in the Defendants' showing of financial need.

4

Moreover, Defendants' proposition that the Court should periodically reevaluate its release of assets based upon the Defendants' need is not supported by *Moya-Gomez*. In *Moya-Gomez*, the Seventh Circuit found that a district court may adjust the amount released to a defendant to pay attorneys' fees. *U.S. v. Moya-Gomez*, 860 F.2d 706, 730 (7th Cir. 1988). However, the Seventh Circuit also stated that the reason for adjustment would be to <u>lower</u> the amount released "to avoid lavish fees or improper payments to the attorney." *Id.* Adjustment is not warranted in this case under that standard.

The Court understands the financial situation of the Defendants, particularly given the impact of Hurricane Katrina. However, the case law is clear that the Court must base any release of seized assets upon a finding that the government has not established probable cause to believe that the assets are tainted. Defendants' opportunity to challenge the government's showing of probable cause has already passed in this matter. The Court sees no reason to disturb its factual findings from the evidentiary hearing.

Regardng the government's motion for reconsideration, the Court declines to reverse its decision to release the $300,000 to the Defendants. The Court found that, with the exception of Dr. David Rosenfeld's prescriptions, the government met their burden to demonstrate probable cause to believe the assets seized were traceable to criminal drug activities. However, the Defendants were able to establish that it was more likely than not that the revenues generated from Dr. Rosenfeld's prescriptions were not the products of illegal drug transactions. The Court will not disturb those findings, which were based upon credible evidence.

## III. Defendant Cherlyn Armstrong Prejean's Motion to Modify Bail Conditions

In her Motion to Modify Bail Conditions, Ms. Prejean seeks a change in her pre-trial

release conditions to permit her to seek employment as a nurse, so long as she does not engage as a nurse in a pain management facility or clinic. Ms. Prejean seeks this modification because the Court has not released any seized assets to her for payment of living expenses. Moreover, given the heightened need for qualified medical professionals in south Louisiana after Hurricane Katrina, Ms. Prejean desires reinstatement of her nursing license in order to earn a living and to help with recovery efforts. Ms. Prejean urges that the condition imposed upon her bond that she "surrender" her nursing license is unduly broad because it restricts her from any type of nursing practice, including practice unrelated to pain management.

The government opposes any modification of Ms. Prejean's bail conditions because it argues that the Court's potential modification would be moot. The government argues that the Louisiana State Board of Nursing has suspended Ms. Prejean's license until final disposition of the instant criminal case. Thus, the government argues, the Court has no jurisdiction to permit Ms. Prejean to practice as a nurse in Louisiana, because Ms. Prejean is not licensed.

On April 21, 2005, Magistrate Judge Louis Moore imposed the condition, among others, upon Ms. Prejean's release that she surrender her nursing license to Pretrial Services. On June 13, 2005, the Louisiana State Board of Nursing held an adversarial hearing at which the board made the following finding:

> the evidence presented constitutes sufficient cause pursuant to La. R.S. 37:921 to continue the suspension of Respondent's license to practice as a Registered Nurse in Louisiana until such time as she appears before this Board after final resolution of the pending federal criminal matter and show cause to the Board as to why the Board of Nursing should not suspend, revoke or otherwise discipline her license to practice as a Registered Nurse in Louisiana.

Exhibit A to Government's Reponse and Incorporated Memorandum of Law To Defendants

6

Armstrong/Prejean's Motion to Modify Conditions of Release.

The Court holds that the condition upon Ms. Prejean's bond that she surrender her nursing license should be modified. Ms. Prejean at this time may seek reinstatement of her nursing license from the Louisiana State Board of Nursing. However, the Court has no authority to reinstate Ms. Prejean's license; she must go through state channels to seek reinstatement. In addition, if the Louisiana State Board of Nursing reinstates Ms. Prejean's license, the Court imposes the following restrictions upon any potential nursing practice that Ms. Prejean would undertake prior to trial: 1) that she be allowed to work as a registered nurse only in a restrictive environment as a member of a treatment team rather than alone or with a few employees; 2) that she not be employed in agency/pool staffing, home health services, or nursing homes; 3) that she not be employed in any unsupervised setting, i.e., she must be directly supervised by an on-site registered nurse who remains on and is actually present in the same work unit as the defendant while the defendant is working; and 4) that she not work in the pain management field or work for any pain management facility or clinic.

The Court believes that these modifications can sufficiently protect the government's interest in preventing Ms. Prejean from engaging in similar activities for which she has been indicted. At the same time, Ms. Prejean can attempt to put her nursing skills to use to help herself and others in southeast Louisiana.

## IV. Conclusion

Accordingly, the Defendants' Joint Motion for Reconsideration of the Court's Ruling on Their Motion for Release and Exemption of Assets from Forfeiture to Pay Attorneys' Fees, Defense Costs, and Living Expenses should be and hereby is DENIED. The government's

Motion for Reconsideration is also DENIED.  In addition, Ms. Prejean's Motion to Modify Bail

Conditions is hereby GRANTED IN PART, insofar as Ms. Prejean may apply for reinstatement

of her nursing license from the Louisiana State Board of Nursing under the conditions stated

herein.

      Houston, Texas, this ___ day of October, 2005.

 

 

UNITED STATES DISTRICT JUDGE