FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 18 PM 4:08

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 05-130 |
| CHERLYN ARMSTRONG SCHERER PREJEAN, ET AL. | * | SECTION "L" |

## ORDER

Before the Court is the Defendants' Joint Motion to Vacate the Preliminary Order of Forfeiture and Request for a Hearing (Rec. Doc. No. 383). For the following reasons, the Defendants' Motion is DENIED.

### I. Factual and Procedural Background

On July 25, 2006, a federal jury found the Defendants guilty of numerous violations of federal law relating to money laundering and the illegal dispensation of controlled substances. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the Government requested that the jury determine whether various properties of the Defendants were subject to forfeiture. The jury subsequently determined that the Government had established the requisite nexus between each item of property listed in special verdict forms and the offenses for which the Defendants were found guilty. Based upon the jury's forfeiture verdict, the Government filed a Motion and Brief for Issuance of a Preliminary Order of Forfeiture on August 2, 2006. The Court signed the Preliminary Order of Forfeiture on August 4, 2006.

The Defendants seek to have the Preliminary Order of Forfeiture vacated, as they claim that they have not had an opportunity to file an opposition or request a hearing, and thus the entry of the Preliminary Order at this time is premature. The Defendants request that their opposition to the Government's Motion for a Preliminary Order be filed simultaneously with any post-trial

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

motions by September 1, 2006 and that any forfeiture issues be resolved at a hearing in conjunction with other post-trial motion issues.

The Government states that a hearing on forfeiture has already been held, as the federal jury returned a special verdict in which it determined that the requisite nexus existed after it heard arguments of both the Defendants and the Government on the issue. According to the Government, the Court's entry of the Preliminary Order was mandatory, as the Court cannot second-guess the jury's findings. Thus, the Government contends that the Preliminary Order should not be vacated. In the alternative, the Government suggests that the appropriate procedure for the Defendants to object to the Preliminary Order is to file an opposition motion to the Preliminary Order by September 1, 2006. Subsequently, the Court can amend the Preliminary Order if the Defendants demonstrate that the Preliminary Order is incorrect, inaccurate, or should otherwise be amended.

## II. Applicable Law

Rule 32.2 of the Federal Rules of Criminal Procedure states that the Court must determine what property is subject to forfeiture "as soon as practicable after a verdict or finding of guilty...on any count in an indictment or information regarding which criminal forfeiture is sought." Fed. R. Crim. P. 32.2(b)(1). Property is subject to forfeiture if the Court determines that the Government has established the requisite nexus between the item of property and the crime for which the Defendant was convicted. *Id.* However, upon a jury's determination that a Defendant is guilty, either the Government or the Defendant may request that the jury instead make the decision as to whether the requisite nexus exists. *See* Fed. R. Crim. P. 32.2(b)(4). "The inquiry into the nexus between the property and the offense is the same regardless of

whether the judge or the jury if the factfinder." *United States v. Neal*, 2003 WL 24307070, at *2 (E.D. Va. Sept. 29, 2003) (citing Fed. R. Crim. P. 32.2 advisory committee's notes). After the Court or the jury has made this determination and found that property is forfeitable, the Court "*must* promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property." Fed. R. Crim. P. 32.2(b)(2) (emphasis added).

The Court agrees with the Government, and it will not vacate the Preliminary Order of Forfeiture nor grant another hearing on forfeiture at this time. The Defendants have had notice and an opportunity to oppose the forfeiture of their property. First, the forfeiture claims were contained in the indictment. Furthermore, after the jury returned a verdict of guilty, the Court instructed the jury on the forfeiture counts, evidence was presented and both the Defendants and the Government presented arguments to the jury regarding whether a nexus existed between each item of property detailed in special verdict forms and the offenses for which the jury found the Defendants guilty. The jury, as fact-finders, determined that the items were indeed involved in or traceable to the money laundering conspiracy and were also proceeds of the Defendants' illegal dispensations of drugs. After the jury returned the special verdict on forfeiture, it was the duty of this Court to issue the preliminary order as "the Court has no discretion to second guess the jury's verdict and must comply with Rule 32.2(b)(2)." *Neal*, 2003 WL 24307070, at *3.

If the Defendants believe that the Preliminary Order of Forfeiture is incorrect or should otherwise be amended, they may file an opposition motion to the Preliminary Order of Forfeiture by September 1, 2006. If the Court finds that the Defendants' argument holds merit, it may amend the Preliminary Order before it becomes a final judgment as to the Defendants at

sentencing.

Additionally, if any third party asserts an interest in property that the jury found to be forfeitable, such party may file a petition. The Court will subsequently conduct ancillary proceedings at which time it will determine if the third party has an interest in the property. Fed. R. Crim. P. 32.2(c).

### III. Conclusion

Accordingly, the Defendants' Joint Motion to Vacate the Preliminary Order of Forfeiture and Request for a Hearing is DENIED.

New Orleans, Louisiana, this __17th__ day of August, 2006.

_____<br>
UNITED STATES DISTRICT JUDGE